Filed 9/14/23 In re Heidi O. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Heidi O., et al., Persons Coming Under the Juvenile Court Law. | B314697 |
| ————————————————— | (Los Angeles County Super. Ct. No. DK24042) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| JUANA G., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Archuleta, Judge.  Dismissed.

Jesse Frederic Rodriguez and Giselle Marie Achecar, under appointment by the Court of Appeal, for Defendant and Appellant Juana G.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Aileen Wong, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

**INTRODUCTION**

Juana G., the mother of Heidi O., Jessica O., and Kendy O., appeals from the juvenile court's order summarily denying her petition under Welfare and Institutions Code section 388[1] to reinstate her family reunification services. In May 2023, while this appeal was pending, the juvenile court selected a permanent plan of legal guardianship for the children and terminated its jurisdiction. Juana did not appeal from the May 2023 orders. Because we cannot provide Juana any effective relief, we dismiss this appeal as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.   *The Juvenile Court Sustains a Petition Under Section 300 and Removes the Children From Juana and Their Father*

In July 2017 the juvenile court sustained a petition by the Los Angeles County Department of Children and Family Services under section 300, subdivisions (b) and (j), on behalf of Heidi, Jessica, and Kendy. The court found true allegations that the

_____

[1]   Undesignated statutory references are to the Welfare and Institutions Code.

children's father, Edgar O., placed Kendy at risk of serious physical harm when he drove a car while under the influence of alcohol while Kendy was a passenger, that Edgar had a history of alcohol use, and that Juana currently abused alcohol. At disposition the court declared Heidi, Jessica, and Kendy dependent children of the juvenile court and removed them from Juana and Edgar. The court ordered reunification services and monitored visitation and ordered both parents to participate in a drug and alcohol program, parenting classes, and individual counseling.

> B. *The Juvenile Court Returns the Children to Their Parents, but Later Sustains a Supplemental Petition, Removes the Children Again, and Denies Further Reunification Services*

At the May 2018 review hearing under section 366.21, subdivision (e), the juvenile court found Juana's progress had been partial and Edgar's had been minimal. The court ordered an additional six months of reunification services. At the November 2018 review hearing under section 366.21, subdivision (f), the court found both parents' progress had been substantial and returned the children to them.

In March 2019 Juana and Edgar, however, relapsed by consuming alcohol and using cocaine. Edgar slapped Juana on her face and neck. In April 2019 the Department filed a subsequent petition under section 342, alleging Juana and Edgar engaged in domestic violence. The Department also filed a supplemental petition under section 387 seeking to remove the children because Juana and Edgar abused alcohol and cocaine while the children were in their care. At the detention hearing

on the subsequent and supplemental petitions, the court removed the children from Juana and Edgar.  The court ordered monitored visitation and directed the Department to provide referrals for domestic violence counseling, drug treatment, and drug testing.

At the combined jurisdiction and disposition hearing on the new petitions, the court dismissed without prejudice the subsequent petition under section 342 for domestic violence.  The court sustained the supplemental petition under section 387 for abusing alcohol and cocaine.  The court removed the children from Juana and Edgar, denied family reunification services, ordered the Department to do an adoptive home study, and scheduled a selection and implementation hearing under section 366.26.

During the next 12 months, Juana called and visited the children sporadically.  On three occasions she relapsed and had no contact with the children for weeks at a time.  Edgar had no contact with the children, and the Department did not know where he was.

In December 2019 the court selected adoption as the permanent plan.  In July 2021 the Department reported that the children met with two prospective adoptive families, but that neither family decided to adopt the children.  The children said they wanted to stay with their caregivers, and the caregivers expressed interest in legal guardianship.  The court selected adoption or legal guardianship as the permanent plan.

C.   *The Juvenile Court Denies Juana's Section 388 Petition Seeking Additional Reunification Services*

In July 2021 Juana filed a petition under section 388 asking the juvenile court to reinstate family reunification

4

services for six months.  Juana claimed circumstances had changed because three months earlier she had enrolled in an outpatient program in which she attended weekly group sessions and semiweekly individual sessions.  She also stated she tested negative for 14 weeks, consistently attended 12-step meetings, and participated in 11 domestic violence classes.  Juana asserted it was in her children's best interests to reinstate reunification services because the children had no prospective adoptive parents and because she and her children shared a bond.

The juvenile court denied the petition without a hearing.  The court stated Juana had not made a prima facie showing because she did "not state new evidence or a change of circumstances" and the proposed change did "not promote the best interest of the child."  Juana timely appealed from the juvenile court's order denying the petition under section 388.

D.    *The Juvenile Court Appoints Legal Guardians and Terminates Dependency Jurisdiction*

At the section 366.26 hearing on May 23, 2023 the juvenile court selected a permanent plan of legal guardianship for the children, appointed their caregivers as the legal guardians, and terminated its dependency jurisdiction.[2]  Juana did not appeal from the May 2023 orders.

---

[2]    We take judicial notice of the juvenile court's May 23, 2023 orders.  (See Evid. Code, §§ 452, subd. (d), 459.)

5

**DISCUSSION**

A.     *Applicable Law*

"Juvenile dependency appeals raise unique mootness concerns because the parties have multiple opportunities to appeal orders even as the proceedings in the juvenile court proceed."  (*In re N.S.* (2016) 245 Cal.App.4th 53, 59.)  The "'critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.'"  (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163; see *In re D.P.* (2023) 14 Cal.5th 266, 275.)  An "appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief."  (*In re E.T.* (2013) 217 Cal.App.4th 426, 436; see *Rashad D.*, at p. 163.)  "A reviewing court must '"decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding."'"  (*D.P.*, at p. 276.)  "'When no effective relief can be granted, an appeal is moot and will be dismissed.'"  (*In re J.A.* (2020) 47 Cal.App.5th 1036, 1050-1051.)

Even when a case is moot, however, a reviewing court has "inherent discretion" to reach the merits of an appeal. *(In re D.P., supra*, 14 Cal.5th at p. 282.)  A reviewing court generally will exercise that discretion when a case involves an issue of broad public interest that is likely to recur, when the controversy between the parties may recur, or when a material question remains for the court's determination.  (*Ibid.*)  The Supreme Court identified several other factors for courts to consider in deciding whether discretionary review of a moot case

6

is appropriate.  (*Id.* at pp. 284-286.)  First, the court may consider whether a challenged jurisdiction finding could impact current or future dependency proceedings, for example, by influencing a child protective agency's decision to file a new dependency petition or a juvenile court's determination about further reunification services.  (*Id.* at p. 285.)  Second, the court may consider the allegations against the parent:  "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings."  (*Id.* at p. 286.)  Third, the court may consider whether the case became moot because a parent promptly complied with his or her case plan:  "It would perversely incentivize noncompliance if mootness doctrine resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders."  (*Ibid.*)

> B.  *Juana's Appeal Is Moot*

Juana contends the juvenile court abused its discretion in denying her section 388 petition without an evidentiary hearing. She contends she made a prima facie showing that circumstances had changed and that ordering further reunification services was in her children's best interest.  She asks us to reverse the juvenile court's order denying her petition and to direct the court to conduct an evidentiary hearing.

Juana's appeal is moot because we cannot provide her any effective relief.[3]  As discussed, in May 2023 (nearly two years after the court denied Juana's section 388 petition) the juvenile

---

[3]  We asked the parties to submit supplemental briefs on whether we should dismiss the appeal as moot.  Juana did not respond to our request.

court selected a permanent plan of legal guardianship, appointed guardians, and terminated its dependency jurisdiction. Because Juana did not appeal from those orders, "they are not now before us or otherwise subject to appellate review." (*In re Rashad D.*, *supra*, 63 Cal.App.5th at p. 164.) Thus, even if we were to reverse the juvenile court's July 2021 order denying Juana's section 388 petition, the juvenile court could not reinstate family reunification services because reunification services are not available once the court holds a section 366.26 hearing and orders a legal guardianship. (See *Michael G. v. Superior Court* (2023) 14 Cal.5th 609, 623, fn. 2 [writ petition challenging the juvenile court's decision to terminate reunification services was moot because the father did not appeal from the juvenile court's subsequent order selecting a permanent plan of guardianship]; *In re Marilyn H.* (1993) 5 Cal.4th 295, 309 [a section 388 petition "may be used to raise the [reunification] issue in the trial court prior to the section 366.26 hearing"]; cf. *B.B. v. Superior Court* (2016) 6 Cal.App.5th 563, 569-570 [if a court modifies or terminates a legal guardianship, it must hold a new permanency planning hearing and may order reunification services for parents whose rights have not been terminated].)

Nor is it appropriate to exercise our discretion under *In re D.P.*, *supra*, 14 Cal.5th 266 to hear Juana's moot appeal. Juana does not challenge jurisdiction findings that carry stigma or might affect future dependency proceedings. The appeal became moot because the court selected legal guardianship for the children, not because Juana promptly complied with her case plan. No other factor justifies reaching the merits of her moot appeal. (See *id.* at p. 286 ["no single factor is necessarily

8

dispositive of whether a court should exercise discretionary review of a moot appeal"].)

## DISPOSITION

The appeal is dismissed.

SEGAL, J.

We concur:

PERLUSS, P. J.

MARTINEZ, J.